FILED
CLERK, U.S. DISTRICT COURT
12/13/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: cd DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAMAR SHATTOCK,<br><br>    Defendant. | No. CR 2:22-cr-00581-MWF<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 371: Conspiracy] |

The United States Attorney charges:

[18 U.S.C. § 371]

A. OBJECT OF THE CONSPIRACY

Beginning on an unknown date in 2019 and continuing to on or about September 13, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant SHAMAR SHATTOCK ("SHATTOCK") and others known and unknown to the United States Attorney, knowingly conspired and agreed with each other to knowingly cause the transmission of programs, information, codes, and commands, and as a result of such conduct, intentionally cause damage without authorization to protected computers, and specifically to cause such damage affecting ten or more protected computers during a one-year

period, in violation of Title 18, United States Code, Section 1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(VI).

B.   <u>MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED</u>

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendant SHATTOCK would offer services via the website Astrostress.com that would allow his subscribers, for a fee, to cause floods of Internet traffic to be directed to victim computers, an online attack technique known as "Distributed Denial of Service" or "DDoS," for the purpose of degrading or disrupting the victim computers' access to the Internet.

2.   Defendant SHATTOCK would construct these DDoS attacks to use a practice known as "amplification," meaning that brief commands sent to third-party computers and devices would cause much longer strings of data to be sent back in response.

3.   Defendant SHATTOCK would construct the attacks in such a manner as to disguise the true origin of the electronic queries sent to such computers and devices, so that the computers and devices sending the floods of Internet traffic perceived the queries to be coming from the victim computers rather than SHATTOCK or his subscribers, a practice known as "spoofing."

4.   Defendant SHATTOCK would maintain and improve the Astrostress.com website and services, respond to requests for attacks, subscriptions, or assistance from potential or current customers, and market the Astrostress.com website in an attempt to draw subscribers to Astrostress.com and away from other competitor websites.

C.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendant SHATTOCK and others committed various overt acts within the Central District of California, and elsewhere, including but not limited to the following:

Overt Act No. 1:   On November 9, 2019, in response to a customer who asked, "what is the best method to hit someone offline?" defendant SHATTOCK replied "the most used method to hit a home connection is SSDP but it can also be NFOUDP as well, please try all methods on our UDP network before opening a support ticket."

Overt Act No. 2:   On December 14, 2019, in response to a customer who had cancelled payment for the Astrostress.com service, defendant SHATTOCK wrote, "[W]e would like to ask why the payment was cancelled?  Our services have been up and running and everything is running smoothly and effectively, that's for sure!  I took the time to review your account with us and it looks like when you were sending out those attacks you entered the port right alongside the IP itself.  Then in the port section box you put port 80 and port 3074.  I am contacting to tell you that this is wrong and not how you send an attack."

FORFEITURE ALLEGATION

[18 U.S.C. § 1030]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1030, in the event of the defendant's conviction of the offense set forth in this Information.

2.   The defendant so convicted shall forfeit to the United States of America the following:

   a.   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

   b.   Any property used or intended to be used to commit the offense; and

   c.   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1030(i), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, Cyber & Intellectual
Property Crimes Section

AARON FRUMKIN
Assistant United States Attorney
Cyber & Intellectual Property
Crimes Section